MANATT, PHELPS & PHILLIPS, LLP
NAEUN RIM (Bar No. CA 263558)
E-mail: NRim@manatt.com
BRANDON P. REILLY (Bar No. CA 278012)
E-mail: breilly@manatt.com
BENJAMIN E. STRAUSS (Bar No. CA 301660)
E-mail: BStrauss@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 312-4000
Facsimile:   (310) 312-4224

Attorneys for Defendant
THE ZALKIN LAW FIRM, P.C.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANA DEATS, individually, and on behalf of all others similarly situated., <br><br> Plaintiff, <br><br> v. <br><br> THE ZALKIN LAW FIRM, P.C., <br><br> Defendant. | Case No. **'23CV2005 L     SBC** <br><br> Removed From Superior Court of The State of California, County of San Diego Case No. 37-2023-00041615-CU-NP-CTL] <br><br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant THE ZALKIN LAW FIRM, P.C. ("Defendant") removes this civil action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California. The grounds for removal are set forth below.

## NATURE OF THE ACTION

1. On September 25, 2023, Plaintiff ARIANA DEATS ("Plaintiff") filed in the Superior Court of the State of California, County of San Diego, a civil action captioned *Deats v. The Zalkin Law Firm, P.C.*, Case No. 37-2023-00041615-CU-NP-CTL ("Action"), which asserts the following claims against Defendant: (1) negligence; (2) breach of implied contract; (3) breach of the implied covenant of good faith and fair dealing; (4) violations of California's Unfair Competition Law; and (5) unjust enrichment. These claims arise from an alleged cyberattack on Defendant's computer system.

2. Plaintiff served the Action on Defendant on October 2, 2023.

## VENUE AND JURISDICTION

3. The United States District Court for the Southern District of California is an appropriate venue for removal under 28 U.S.C. § 1441(a) because it embraces the county in which the Action is pending: San Diego County.

4. As set forth in detail below, this Court has jurisdiction over the Action under 28 U.S.C. §§ 1332, 1441 and 1453 because this is a putative class action with at least minimal diversity between the parties and it is reasonably possible that the alleged amount in controversy exceeds $5,000,000.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

5. In accordance with 28 U.S.C. § 1446(a), attached as **Exhibit A** is a copy of the documents filed in state court.

6. No prior notices of removal have been filed in the Action.

7. Defendant's October 30, 2023 removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of Plaintiff serving Defendant with the complaint on October 2, 2023.

8. Defendant will promptly provide written notice of removal to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego pursuant to 28 U.S.C. § 1446(d).

## BASIS FOR REMOVAL

9. A civil action commenced in state court may be removed to federal district court provided that the federal district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).

10. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2) because this is a putative class action with at least minimal diversity between the parties, and it is reasonably possible that the alleged amount in controversy exceeds $5,000,000.

11. "A class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b).

## MINIMAL DIVERSITY OF THE PARTIES

12. The Class Action Fairness Act ("CAFA") confers jurisdiction on federal district courts over class actions when, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Unlike the complete diversity of citizenship generally required by § 1332(a), therefore, CAFA requires only *minimal diversity*." *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) (emphasis added) (citing *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005)).

13. At the time of the commencement of the Action and at the time of removal, Plaintiff is and has been a citizen of the State of Nevada. For diversity

1  purposes, a person is a "citizen" of the place in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Plaintiff alleges that she "is an adult individual and at all relevant times [in the complaint] was a resident and citizen of the State of Nevada." (Compl. ¶ 10.)

14. Plaintiff seeks to represent a class comprising: "All individuals whose ["protected health information" and "personally identifiable information"] was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on or about April 6, 2023." (Compl. ¶ 23.)

15. Defendant is a citizen of California because, at the time of the commencement of the Action and at the time of removal, Defendant is and has been incorporated in California, with its principal place of business in San Diego, California. *See* 28 U.S.C. § 1332(c)(1).

16. Defendant also conducts business throughout the United States, including in New York, so it is likely that numerous putative class members are citizens of New York or other states outside of California.

17. Based on the complaint, Plaintiff alleges at least minimal diversity between (1) Plaintiff and the putative class members and (2) Defendant.

## AMOUNT IN CONTROVERSY

18. As alleged, it is reasonably possible that the amount in controversy exceeds $5,000,000. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy "encompasses all relief a court may grant . . . if the plaintiff is victorious." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." (citation omitted)); *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (explaining that a defendant can satisfy "the amount-

in-controversy requirement under CAFA if it is reasonably possible that it may be liable for the proffered punitive damages amount."). The amount in controversy therefore includes actual, nominal, and consequential damages, attorneys' fees, equitable relief, and other relief sought by Plaintiff. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793–94 (9th Cir. 2018); *see also Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *Willis v. Xerox Bus. Servs., LLC*, No. 1:13-cv-01353-LJO-JLT, 2013 WL 6053831 at *8–9 (E.D. Cal. Nov. 15, 2013).

19. Although Defendant denies all liability, Plaintiff alleges in her putative class action complaint that she "seeks to hold Defendant responsible for the harms it caused and will continue to cause Representative Plaintiff and at least 523 other similarly situated persons" who were allegedly affected by an alleged cyberattack on Defendant's computer systems. (Compl. ¶ 2.)

20. While Plaintiff does not plead an amount in controversy, she alleges:
> The high value of [allegedly stolen "protected health information" and "personally identifiable information"] to criminals is evidenced by the prices they will pay for it through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200. Experian reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web. Criminals can also purchase access to entire company data breaches from $999 to $4,995. (Compl. ¶ 58.)

21. Plaintiff also alleges these sales can continue for years and "will be an omnipresent threat for Representative Plaintiff and Class Members for the rest of their lives." (Compl. ¶ 59.) Plaintiff further claims, "there is no limit to the amount of fraud to which Defendant may have exposed Representative Plaintiff and Class Members." (Compl. ¶ 64.)

22. Plaintiff also seeks comprehensive equitable and injunctive relief. (*See* Prayer ¶¶ 3–6.)

23. In light of these and other allegations in Plaintiff's complaint, Defendant believes it is reasonably possible that the amount in controversy in this Action exceeds $5,000,000, exclusive of interest and costs.

## CONCLUSION

24. By removing this Action, Defendant does not waive any claims, rights, defenses, or objections, including any challenges to personal jurisdiction, process, or service of process, which were available in the Superior Court or otherwise.

25. As noted, Defendant will promptly file a copy of this Notice of Removal in the Superior Court, and will promptly provide written notice of this filing to Plaintiff. *See* 28 U.S.C. § 1446(d).

26. Defendant reserves the right to amend or supplement this Notice of Removal.

Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California

Dated: October 30, 2023                     Respectfully submitted,

                                            MANATT, PHELPS & PHILLIPS, LLP


                                            By:   *s/ Naeun Rim*
                                                  Naeun Rim
                                                  Brandon P. Reilly
                                                  Benjamin E. Strauss
                                                  Attorneys for Defendant
                                                  THE ZALKIN LAW FIRM, P.C.

402485171.1