1  Scott Edward Cole, Esq. (S.B. #160744)
   Laura Grace Van Note, Esq. (S.B. #310160)
2  **COLE & VAN NOTE**
   555 12th Street, Suite 2100
3  Oakland, California 94607
   Telephone:  (510) 891-9800
4  Facsimile:   (510) 891-7030
   Email: sec@colevannote.com
5  Email: lvn@colevannote.com
   Web:  www.colevannote.com
6
7  Attorneys for Representative Plaintiff
   and the Plaintiff Class
8
9
10              **UNITED STATES DISTRICT COURT**
11             **SOUTHERN DISTRICT OF CALIFORNIA**
12

13  ARIANA DEATS, individually and      | **Case No. 3:23-cv-02005-L-SBC**
    on behalf of all others similarly   |
14  situated,                           | **CLASS ACTION**
                                        |
15              Plaintiff,              | **PLAINTIFF'S NOTICE OF MOTION
                                        | AND MOTION FOR PRELIMINARY**
16  v.                                  | **APPROVAL OF CLASS ACTION
                                        | SETTLEMENT; MEMORANDUM OF**
17  THE ZALKIN LAW FIRM, P.C.,          | **POINTS AND AUTHORITIES IN
                                        | SUPPORT THEREOF**
18              Defendant.              |
                                        | **Date:          March 18, 2024**
19                                      | **Time:          10:30 a.m.**
                                        | **Judge:         Hon. M. James Lorenz**
20                                      | **Courtroom: 5B**
21                                      | **Pursuant to Local Rules no oral
                                        | argument unless requested by the Court.**
22
23
24
25
26
27
28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT 3:23-cv-02005-L-SBC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................. 1

II. SUMMARY OF THE LITIGATION ............................................. 1

    A. Factual Allegations ................................................................. 1

    B. Litigation History .................................................................... 2

        1.  Litigation ........................................................................ 2

        2.  Negotiations and Mediation ......................................... 2

III. TERMS OF THE SETTLEMENT ............................................... 3

    A. The Settlement Class .............................................................. 3

    B. The Settlement Benefits ......................................................... 3

    C. Notice, Notice Plan and Claims Administration .................. 3

    D. The Settlement Administrator ................................................ 4

    E. Attorneys' Fees, Costs and Service Award ........................... 4

    F. Released Claims ...................................................................... 5

IV. LEGAL ARGUMENT ................................................................... 5

    A. The Settlement Falls Within the Range of Reasonableness ... 6

        1.  Plaintiff and Counsel Adequately Represented the Class ............... 7

        2.  The Settlement Resulted from Informed, Arm's-Length Negotiations .................................................... 7

        3.  The Relief Provided for the Class Is Adequate ........... 8

        4.  The Settlement Structure is Equitable ...................... 10

        5.  Experienced Counsel Recommend Approval .............. 11

        6.  The Procedural Guidelines for Approval Are Satisfied .............. 11

    B. The Proposed Settlement Class Should be Certified ........... 11

        1.  The Class Meets the Requirements of Rule 23(a) ........... 11

        2.  The Class Meets the Requirements of Rule 23(b)(3) .................. 13

        3.  The Settlement Class Definition ............................... 14

    C. The Proposed Notice and Notice Program ........................... 15

1. The Notice Plan ....................................................................... 15

2. The Proposed Notice Adequately Informs Class Members of Their Rights and Options .......................................................... 15

D. Settlement Class Counsel Should be Appointed ............................ 15

E. Schedule.................................................................................... 16

**V. CONCLUSION** ............................................................................... 16

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT 3:23-cv-02005-L-SBC

# TABLE OF AUTHORITIES

**CASES**

*Amchem Products, Inc. v. Windsor,*
  521 U.S. 591, 620 (1997) .................................................................... 14

*Campbell v. Facebook Inc., ,*
  2017 WL 3581179, at *4 (N.D. Cal. Aug. 18, 2017)............................ 9

*Carlotti v. ASUS Computer Internat'l,*
  2019 WL 6134910, *6 (N.D. Cal. Nov. 19, 2019) .............................. 7

*Cottle v. Plaid Inc.,*
  340 F.R.D. 356, 365, 378 (N.D. Cal. 2021).......................................11

*Ebarle v. Lifelock, Inc.,*
  2016 WL 5076203, at *2, 5 (N.D. Cal. Sept. 20, 2016) ...................... 9

*Hammond v. The Bank of N.Y. Mellon Corp.*
  2010 WL 2643307, at *1 (S.D.N.Y. June 25, 2010)............................ 10

*Harris v. Vector Marketing Corp.*
  2-11 U.S. Dist. LEXIS 48878, at *24 (N.D. Cal. Apr 29, 2011) .......... 6

*In re American Capital Shareholder Derivative Litig.,*
  2013 WL 3322294 at 3 (D.Md. June 28, 2013) .................................... 6

*In re Anthem, Inc. Data Breach Litig.,*
  327 F.R.D. 299, 325, 328, 332 (N.D. Cal. 2018)........................... 11, 13

*In re Equifax Inc. Customer Data Sec. Breach Litig.,*
  2020 WL 256132, at *32-33 (N.D. Ga. Mar. 17, 2020) ............ 9, 11, 15

*In re Google LLC St. View Elec. Commc'ns Litig.,*
  2020 WL 1288377, at *11 (N.D. Cal. Mar. 18, 2020)........................... 9

*In re Linkedin User Privacy Litig.,*
  309 F.R.D. 573, 581, 588 (N.D. Cal. 2015)......................................... 9

*In re Yahoo! Inc. Cust. Data Sec. Breach Litig.,*
  2020 WL 4212811, *12 (N.D. Cal. July 22, 2020).................... 11, 12, 13, 15

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

*Just Film, Inc. v. Buono,*

    847 F.3d 1108, 1123 (9th Cir. 2017)) ................................................................. 14

*Kent v. Hewlett-Packard Co.,*

    2011 WL 4403717, *1 (N.D. Cal. Sept. 20, 2011) ........................................... 13

*Linney v. Cellular Alaska P'ship,*

    151 F.3d 1234, 1239 (9th Cir. 1998) ................................................................... 7

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.,*

    221 F.R.D. 523, 527 (C.D. Cal. 2004) .................................................................. 8

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco,*

    688 F.2d 615, 628 (9th Cir. 1982) ........................................................................ 8

*Parsons v. Ryan.,*

    754 F.3d 657, 685 (9th Cir. 2014) ...................................................................... 12

*Perkins v. Linkedin Corp.,*

    2016 WL 613255, at *2, 9 (N.D. Cal. Feb. 16, 2016) ......................................... 9

*Phillips Co. v. Shutts,*

    472 U.S. 797, 809 (1985) ................................................................................... 14

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003),

    327 F.3d 938 (9th Cir. 2003) .............................................................................. 13

*Tyson Foods, Inc. v. Bouaphakeo,*

    136 S. Ct. 1036, 1045 (2016) ............................................................................. 13

*Vaquero v. Ashley Furniture Indus., Inc.,*

    824 F.3d 1150, 1155 (9th Cir. 2016) .................................................................. 13

*Wal-Mart Stores, Inc. v. Dukes,*

    564 U.S. 338, 350 (2011) ................................................................................... 12

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**STATUTES/RULES**

**Federal**

Class Action Fairness Act, 28 U.S.C. § 1715(b) ........................................................4

Fed. R. Civ. P. Rule 23 ...............................................................*passim*

**SECONDARY SOURCES**

*Newberg on Class Actions § 13:1 (5th ed.)* ..............................................................5

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## NOTICE OF MOTION AND MOTION

### TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on March 18, 2024 at 1:30 P.M., or as soon thereafter at the matter may be heard, before the Honorable M. James Lorenz, United States District Judge, Plaintiff Ariana Deats ("Plaintiff") will and does hereby move this Court for an Order preliminarily approving the proposed Settlement entered into by Plaintiff and Defendant The Zalkin Law Firm, P.C. ("Zalkin" or "Defendant") (collectively, the "Parties").

This Motion is made pursuant to Federal Rules of Civil Procedure Rule 23(e) on the grounds that the proposed Settlement is within the range of reasonableness such that notice should be given when viewed against the continued risks of litigation. The proposed Settlement Class meets all criteria for certification for Settlement purposes and the proposed Notice and notice plan are designed to ensure the best practicable notice and compliance with due process.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Settlement Agreement and all exhibits thereto, the Declaration of Scott Edward Cole, Esq. in Support of Plaintiff's Motion for Preliminary Approval of Settlement and all exhibits thereto, the Declaration of Julie Green of CPT Group, Inc., all other pleadings and papers on file, and such other arguments and materials as may be presented before the Motion is taken under submission.

Dated:   February 15, 2024

**COLE & VAN NOTE**

By:   */s/Scott Edward Cole*
Scott Edward Cole, Esq.
Attorneys for Representative Plaintiff

## STATEMENT OF ISSUES TO BE DECIDED

Pursuant to the Local Rules of Practice in Civil Proceedings before the United States District Court for the Southern District of California, Rule 7-4(a)(3), Plaintiff asks the Court to rule on the following issues:

1.    Whether the proposed Settlement is within the range of reasonableness;

2.    Whether the proposed Settlement Class should be certified for Settlement purposes;

3.    Whether the proposed Notice and notice program are adequately tailored to achieve effective notification to Class members as to the terms of the Settlement and their rights thereunder;

4.    Whether Cole & Van Note should be appointed as Class Counsel and Plaintiff Ariana Deats as Class Representative; and

5.    Whether to enter the Proposed Order Preliminarily Approving the Settlement, directing the issuance of notice, setting forth remaining deadlines and setting a hearing for final approval of the proposed Settlement.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## I.      INTRODUCTION

In September 2023, Defendant The Zalkin Law Firm, P.C. ("Zalkin" or "Defendant") began sending Notice to 523 individuals whose names, addresses, dates of birth, driver's license and identification numbers, Social Security numbers, medical information and sensitive client details were accessed by an unauthorized third party through a data security incident on Defendant's networks and servers (the "Data Breach").

Plaintiff filed this case on September 25, 2023 in the Superior Court of the State of California, County of San Diego, alleging (i) Negligence, (ii) Breach of Implied Contract, (iii) Breach of the Implied Covenant of Good Faith and Fair Dealing, (iv) Violations under the California Unfair Competition Law and (v) Unjust Enrichment. On October 30, 2023, Plaintiff's Complaint was removed to the United States District Court, Southern District of California.

After an informal exchange of key information and an extensive settlement negotiation process lasting several months, the Parties have reached an agreement for a proposed, _non-reversionary_ common fund of $285,000 that provides make-whole recovery through payment to each Class member. This represents a strong recovery when viewed in comparison to what could be achieved through trial _before_ taking into account the significant risk, cost and delay of continued litigation.

## II.      SUMMARY OF THE LITIGATION

### A.      Factual Allegations

Plaintiff alleges unauthorized individuals placed malicious code on Defendant's website which allowed the unauthorized individuals to access the names, addresses, dates of birth, driver's license and identification numbers, Social Security numbers, medical information and highly sensitive client information of 523 of Defendant's clients. Complaint (hereafter "Compl.") ¶ 1. Plaintiff alleges that a known cybercriminal group—BlackCat—announced on its website that it perpetrated this Data Breach, and claimed to have exfiltrated "415.63 GB of sexual

1

MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT 3:23-cv-02005-L-SBC

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    harassment lawsuit dates, with all records, notes, evidence, depositions, personal

2    information." Compl. ¶ 3. Plaintiff alleges that Defendant knew of this breach as

3    early as April 6, 2023. Compl. ¶ 4. Defendant began sending the Notice to potentially

4    affected individuals beginning September 6, 2023. *Id.* Plaintiff received such a

5    notice, dated September 8, 2023, and subsequently filed suit in this Court seeking

6    damages for lost time, the threat of future harm, out-of-pocket expenses and other

7    injuries related to this event. Compl. ¶¶ 5, 15.

8    **B.    Litigation History**

9    *1.    Litigation*

10    On October 30, 2023, Defendant removed the Action from the Superior Court

11    of the State of California, County of San Diego, to this Court. Following removal,

12    the Parties exchanged information in connection with negotiations for a class-wide

13    settlement. Declaration of Scott Edward Cole, Esq. ¶ 12.[1] With these exchanges of

14    data, Plaintiff's Counsel was armed with a sufficient understanding of the relative

15    strengths and weaknesses of the claims and defenses to make an informed decision

16    about fair resolution. *Id.*

17    *2.    Negotiations and Mediation*

18    Between November 2023 and January 2024, the Parties engaged in extensive

19    settlement discussions. Due to the Parties' extensive experience in data breach and

20    class action litigation, the Parties were able to determine the underpinning principle

21    and underlying chances of success in the matter relatively quickly, focusing on

22    negotiating a Settlement Fund first, and then fine-tuning terms such as Attorney's

23    Fees and a Service Award, and vetting Claims Administrators to obtain the best cost

24    bid. Cole Decl. ¶¶ 12, 23. The Parties ultimately reached a Settlement in principle in

25    December but continued to negotiate the long form agreement through January. Cole

26

27

28    [1] Hereafter cited as "Cole Decl."

1  Decl. ¶ 13. This resulted in the Settlement Agreement accompanying this Motion.

2  *Id.*

3  **III.      TERMS OF THE SETTLEMENT**

4      **A.      The Settlement Class**

5      The Settlement Class includes "all individuals whose protected health

6  information or personally identifiable information was exposed to unauthorized

7  parties as a result of the data breach discovered by Defendant on or about April 6,

8  2023." Excluded from the Settlement Class is any judge presiding over the Litigation

9  and first-degree relatives hereof, judicial staff, officers, directors, employees, and

10 agents of Defendant who received a Notice of Data Breach letter and persons who

11 timely and validly request exclusion from the Settlement Class. S.A. § II(B).

12     **B.      The Settlement Benefits**

13     The Settlement provides for a Settlement Fund of $285,000. S.A. § IV(A).

14 Shared among 523 individuals, this is an <u>extraordinary result</u> in a data breach case

15 where values per class member often hover in the $5-10 range. Cole Decl. ¶ 30.

16     All costs of the Settlement, including the Settlement Shares, Attorneys' Fees,

17 Claims Administration Fees, and Representative Plaintiff's Service Award are to be

18 paid from the Settlement Fund. S.A. § IV(B). The Settlement Fund is non-

19 reversionary. S.A. § V(A). Each Class member who submits a timely and valid form

20 will receive a maximum of one Settlement Share from the Settlement Fund. S.A. §

21 V(A). The Settlement Shares shall be *pro rata* cash distributions. S.A. § IV(E).

22     **C.      Notice, Notice Plan and Claims Administration**

23     No later than twenty (20) days after the Court's entry of the Preliminary

24 Approval Order, the Settlement Administrator shall send the Class Notice via First-

25 Class Mail (and to email addresses where applicable and available) to Settlement

26 Class Members (the "Notice Deadline"). S.A. § VI(B)(2).

27     From the date of the first Mailed Notice, and, thereafter, for six (6) months

28 after the Effective Date, the Claims Administrator shall establish a dedicated

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Settlement website that includes this Class Settlement Agreement, the Long Notice and the Claim Form approved by the Court. Settlement Class Counsel shall propose the format and content of the Settlement website for approval by Defendant's Counsel. The Claims Administrator shall maintain and update the website throughout the Claims Period. The Claims Administrator will also post on the Settlement website copies of the Motion for Final Approval of the Class Settlement Agreement. A toll-free number with interactive voice responses and FAQs shall also be made available to address Settlement Class Members' inquiries. The Settlement website shall not include any advertising and shall remain operational until 30 days following the Effective Date, at which time the Claims Administrator shall terminate the Settlement website and transfer ownership of the URL to Zalkin. S.A. § VI(B)(3).

### D.    The Settlement Administrator

The Parties selected CPT Group as the Settlement administrator. Cole Decl. ¶ 29. Information about CPT's credentials and experience are provided in the Declaration of Julie Green, including information regarding CPT's handling of Class member data and insurance coverage. CPT agreed to a flat fee of $15,000, a reasonable amount in relation to the size of the Class and value of the Settlement. Cole Decl. ¶ 23. Class Counsel has engaged CPT to administer Settlements in several cases in the last two years. Within the Declaration of Julie Green, she lists the prominent, multistate class action settlements administered by CPT in the recent past.

### E.    Attorneys' Fees, Costs and Service Award

Defendant will not oppose Settlement Class Counsel's request for attorneys' fees up to the amount of $99,750, plus reimbursement for litigation costs. S.A. § IV(D). Settlement Class Counsel will request, and Defendant will not oppose, a Service Award payment to Plaintiff Ariana Deats in the amount of $3,500. S.A. § IV(C).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**F.   Released Claims**

Upon entry of the Final Approval Order, each Settlement Class Member, including Representative Plaintiff, shall be barred from initiating, asserting or prosecuting against Zalkin and/or any Released Parties any claims that are released by operation of the Class Settlement Agreement and the Final Approval Order. S.A. § IX(A). Each Settlement Class Member, including Plaintiff, whether or not they have received an Award, will be deemed by operation of the Agreement to have fully released, discharged and acquitted Zalkin and the Released Parties from any and all of the Released Claims and will be deemed to have also released Unknown Claims. *Id.* This includes a release of all provisions, rights and benefits conferred by any law of any state, province or territory of the United States which is similar, comparable or equivalent to California Civil Code section § 1542. S.A. § IX(B). The scope of the Released Claims is limited to claims in connection with the Notice of Data Breach Letter that were pleaded or could have been pleaded in the Action based on the facts, subject matter or the factual or legal allegations in the Action. S.A. § IX(A).

**IV.   LEGAL ARGUMENT**

Judicial approval of class action settlements typically proceeds through three stages: (i) preliminary approval, where the court conducts an initial fairness review and decides whether to notify the class, (ii) a notice period, where class members are given an opportunity to review the settlement and object or comment, and (iii) a fairness hearing, where the court considers the overall class reaction and makes its final determination. *See* Fed. R. Civ. P. 23; *Newberg on Class Actions § 13:1 (5th ed.).*

This case is now at the preliminary approval stage, where the Court will decide whether the Parties should notify Class members about the Settlement. That decision requires the Court to make several preliminary determinations: first, whether the proposed Settlement is likely to be approved if Notice is disseminated to the Class; second, whether the proposed Settlement Class is likely to be certified for purposes

1  of judgment; third, whether the Parties' proposed Notice plan provides for the best
2  notice practicable under the circumstances and the Settlement Administrator may
3  disseminate Notice; and fourth, the Court sets a schedule for notifying the Class and
4  considering its reaction to the proposed Settlement. Fed. R. Civ. P. 23(c), (e). In the
5  sections that follow, Plaintiff offers her analysis of each facet of the preliminary
6  approval process, including the Southern District of California's procedural
7  guidelines for the preliminary approval of class action settlements.

8         **A.**    **The Settlement Falls Within the Range of Reasonableness**

9        At the preliminary approval stage, the Court is only required to determine
10 whether the proposed settlement is "sufficiently within the range of reasonableness
11 so that notice […] should be given." *In re: American Capital Shareholder Derivative*
12 *Litigation,* No. 11-2424 PJM, 2013 WL 3322294, at *3 (D.Md. June 28, 2013).
13 "Closer scrutiny is reserved for the final approval hearing." *Harris v. Vector*
14 *Marketing Corporation,* No. C-08-5198 EMC, 2011 U.S. Dist. LEXIS 48878, at *24
15 (N.D. Cal. Apr. 29, 2011).

16       The 2018 amendments to Rule 23 direct the Parties to present proposed class
17 Settlements "in terms of a shorter list of core concerns." Fed. R. Civ. P. Rule
18 23(e)(2), 2018 Adv. Comm. Notes. These concerns, which Rule 23(e)(2) requires
19 courts to consider before approving a class settlement, include two concerns bearing
20 on procedural fairness and two bearing on substantive fairness. *Id.* The two
21 procedural concerns are (i) whether plaintiff and their counsel have adequately
22 represented the class and (ii) whether the proposed settlement was negotiated at
23 arm's-length. Fed. R. Civ. P. Rule 23(e)(2)(A)-(B). The two substantive concerns
24 are (i) whether the relief provided for the class is adequate and (ii) whether the
25 proposed settlement treats class members equitably relative to one another. Fed. R.
26 Civ. P. 23(e)(2)(C)-(D).

27       Here, review of these four core concerns favors the proposed Settlement, as
28 they fall into the "range of reasonableness" for approval and should give the Court

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT 3:23-cv-02005-L-SBC

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1  confidence that it will be able to grant Final Approval after Class members are given

2  an opportunity to express their views.

3                1.    *Plaintiff and Counsel Adequately Represented the Class*

4       The first procedural concern asks whether the proposed settlement was the

5  result of adequate representation. Fed. R. Civ. P. Rule 23(e)(2)(A). One of the

6  hallmarks of adequate representation is a thorough investigation and assessment of

7  the class members' claims. *See id.*, Adv. Comm. Note. Formal discovery is not

8  required, but counsel should have sufficient information to make informed decisions

9  at the bargaining table. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th

10  Cir. 1998).

11       Here, Class Counsel were well prepared to negotiate a beneficial settlement

12  for Class members. In addition to comprehensive pre-filing investigation, they had

13  extended negotiations with Defendant. Cole Decl. ¶¶ 11-15.

14       Representative Plaintiff will request a Service Payment of $3,500 for her

15  participation in this litigation. She researched and identified qualified counsel,

16  provided information on her claims and damages through informal discovery, and

17  risked being further targeted for identity theft by putting her name on this litigation.

18                2.    *The Settlement Resulted from Informed, Arm's-Length*

19                     *Negotiations*

20       "Class Settlements are presumed fair when they are reached following

21  sufficient discovery and genuine arms-length negotiation." *Carlotti v. ASUS*

22  *Computer Internat'l*, 2019 WL 6134910, *6 (N.D. Cal. Nov. 19, 2019). Here, the

23  Parties' Settlement was reached after roughly two months of contentious

24  negotiations to finalize the terms of the Settlement. Cole Decl. ¶¶ 11-15. The Parties

25  negotiated the Settlement Fund first before fine-tuning the Attorneys' Fees, Service

26  Award and Settlement Administration costs. Cole Decl. ¶ 12. Taking into

27  consideration the stage of discovery, meet and confer processes, the experience of

28  the counsel negotiating the settlement and the length of negotiations, the proposed

1   Settlement should be presumed procedurally fair. Fed. R. Civ. P. Rule 23(e)(2)(B),

2   2018 Adv. Comm. Note.

3             3.    *The Relief Provided for the Class Is Adequate*

4       The proposed Settlement provides meaningful monetary recovery. The

5   benefits conferred are fair and adequate compared to other similar cases. The

6   collective relief is even more favorable considering the factors under Rule

7   23(e)(2)(C). When considering whether the amount of a Settlement is adequate, "[i]t

8   is the complete package taken as a whole, rather than the individual component parts,

9   that must be examined for overall fairness." *Officers for Just. v. Civ. Serv. Comm'n*

10   *of City & Cnty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982). "[A] proposed

11   Settlement may be acceptable even though it amounts to only a fraction of the

12   potential recovery that might be available to the class members at trial." *Nat'l Rural*

13   *Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal.

14   2004). Plaintiff has analyzed the potential Class recovery and offers the following

15   explanation of the factors bearing on the amount of the compromise:

16       Defendant reported 523 individuals were potentially affected by this security

17   incident. As noted above, it involves sensitive client information, including names,

18   case file information and medical information. However, since Plaintiff was the only

19   individual to come forward and file a lawsuit, it is unclear how many of these 523

20   individuals will claim injury. With that said, after the costs of administration,

21   Attorneys' Fees and Costs and Plaintiff's Service Payment, the Settlement Fund will

22   stand at approximately $161,750. If every Class member made a claim, each would

23   receive around $300. However, Class members without damages are unlikely to

24   make a claim, allowing for more funds to be distributed amongst those harmed.

25   Regardless, $300 per person represents more than enough to satisfy the vast bulk of

26   potential claims. This represents an excellent outcome for the Class, since it is

27   unlikely more than a few, if any, individual Class members would be able to prove

28   damages over $300 at trial. Accordingly, few if any Class members are likely to have

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

their individual claims meaningfully discounted, and, because there is no reversion to the Defendant, the potential recovery for Class members who do submit claims will be justly compensated. Cole Decl. ¶¶ 30, 31.

Indeed, the Settlement compares favorably with other settlements that have been approved in privacy cases in this district. *See, e.g., In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 581, 588 (N.D. Cal. 2015) (granting final approval of $1.25 million Settlement where the class size was estimated to be 800,000, with each claimant receiving $14.81); *Perkins v. Linkedin Corp.*, 2016 WL 613255, at *2, 9 (N.D. Cal. Feb. 16, 2016) (granting final approval of $13 million Settlement where the class size was approximately 20.8 million; each claimant received approximately $20); *Ebarle v. Lifelock, Inc.*, 2016 WL 5076203, at *2, 5 (N.D. Cal. Sept. 20, 2016) (granting final approval of $68 million Settlement where class members who made claims received approximately $20 plus the amount paid for service, and subclass members received either $19.48 or $39.48); *In re Google LLC St. View Elec. Commc'ns Litig.*, 2020 WL 1288377, at *11 (N.D. Cal. Mar. 18, 2020), *aff'd sub nom. In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102 (9th Cir. 2021) (granting final approval of non-distributable $13 million Settlement where the class size was 60 million); *Campbell v. Facebook Inc.*, 2017 WL 3581179, at *4 (N.D. Cal. Aug. 18, 2017), *aff'd*, 951 F.3d 1106 (9th Cir. 2020) (granting final approval of Settlement providing for injunctive relief only and no monetary relief).

While Plaintiff believes her case is strong, ongoing litigation will require Plaintiff and the Class to take on significant risks of expenses, delays and negative outcomes. Data breach cases are particularly complex and expensive by nature. *See, e.g., In re Equifax Inc. Customer Data Sec. Breach Litig.*, 2020 WL 256132, at *32-33 (N.D. Ga. Mar. 17, 2020) [hereinafter "*In re Equifax*"] (recognizing the complexity and novelty of issues in data breach class actions). Courts explicitly recognize data breach cases as among the most risky and uncertain of all types of

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT 3:23-cv-02005-L-SBC

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1   class action litigation. *See, e.g., Hammond v. The Bank of N.Y. Mellon Corp.*, 2010

2   WL 2643307, at *1 (S.D.N.Y. June 25, 2010) (collecting cases).

3         This case is no exception. It involves hundreds of Class members, complicated

4   and technical facts, extraordinarily sensitive information, a well-funded and

5   motivated Defendant and contested central issues relating to class certification,

6   liability and damages. Defendant would surely oppose class certification and move

7   for summary judgment (or seek similar dispositive relief). Establishing liability for

8   such a breach (or an alternative theory of liability) at trial would require countless

9   hours of costly investigation, discovery, reporting and testimony from data security

10  and financial industry expert witnesses. Even if these were all successful, given the

11  relative novelty of the legal theories underlying Plaintiff's claims, it could face

12  significant scrutiny on appellate review.

13        Moreover, no side agreements were made between the Parties (*See* Fed. R.

14  Civ. P. 23(e)(3)).

15              4.    *The Settlement Structure is Equitable*

16        The proposed Settlement Fund treats each Class member equally—each

17  Settlement Class Member who submits a Claim Form will receive a Settlement

18  Share. The Settlement Shares will be distributed *pro rata*. There will be no need for

19  any Class members to provide documentation, attest to lost time or otherwise

20  substantiate their right to a Settlement Share. All Class members who wish to get

21  paid will be paid.

22        The claims process here is designed to be simple and fast, yet comprehensive

23  enough to ensure fair and equitable treatment of potential individual damages. All

24  Settlement Class Members may submit a claim which entitles them to a simple cash

25  payment. There is no reversion to the Defendant, maximizing the amount Class

26  members receive.

27        Courts have approved similar processes in data breach cases (*see, e.g., Cottle*

28  *v. Plaid Inc.*, 340 F.R.D. 356, 365, 378 (N.D. Cal. 2021); *In re Yahoo!, supra*, 2020

MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT 3:23-cv-02005-L-SBC

1   WL 4212811 at *12), and the proposed plan here is favorable by comparison to

2   numerous other settlements requiring documentation for analogous cash payments

3   (*see, e.g.*, *In re Anthem*, 327 F.R.D. at 325, 328, 332 (approving claim process

4   requiring supporting documentation for claims of lost time and out-of-pocket

5   expenses); *In re Equifax*, 2020 WL 256132 at **2, 8 (claims process required class

6   members to substantiate with documentation that they suffered fraud, identity theft

7   or misuse of personal info traceable to data breach in order to receive payment)). *See*

8   Fed. R. Civ. P. Rule 23(e)(2)(C)(ii).

9              5.    *Experienced Counsel Recommend Approval*

10      Class Counsel have substantial experience in complex class action litigation,

11   including data privacy cases. Cole Decl. ¶¶ 24-29. Class Counsel fully endorse the

12   Settlement as falling within the range of reasonableness. Cole Decl. ¶¶ 30-32.

13             6.    *The Procedural Guidelines for Approval Are Satisfied*

14      In addition to the requirements for Settlement approval established by Rule

15   23(e), the proposed Settlement also satisfies the District's Procedural Guidance for

16   Class Action Settlements. The guidelines are addressed throughout this Motion and

17   supporting papers.

18       **B.**    **The Proposed Settlement Class Should be Certified**

19      If, at the preliminary approval stage, "a class has not been certified, the parties

20   must ensure that the court has a basis for concluding that it likely will be able, after

21   the final hearing, to certify the class." Fed. R. Civ. P. Rule 23(e), 2018 Advisory

22   Committee Note. Here, the Settlement Class meets all requirements of Rule 23(a)

23   and Rule 23(b)(3) and can be certified by the Court.

24             1.    *The Class Meets the Requirements of Rule 23(a)*

25      **Numerosity.** The Settlement Class consists of approximately 523 individuals,

26   making joinder of all members impracticable. Fed. R. Civ. P. Rule 23(a)(1).

27      **Commonality.** Plaintiff's and Class members' claims depend upon common

28   contentions of fact and law that could be resolved for all through a single proceeding.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

---

11

MEMORANDUM OF POINTS AND AUTHORITIES ISO PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT 3:23-cv-02005-L-SBC

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). For example, Plaintiff's Negligence claim turns on the contention that Defendant implemented sub-standard security protocols and procedures that allowed unauthorized users to gain access to Class members' case files and sensitive information. Compl. ¶¶ 27, 51. Additionally, Plaintiff's breach of contract claim turns on the common contentions that Zalkin promised yet failed to use certain specific security measures. *Id.*, ¶¶ 27, 102. Each of these contentions depend only on the nature of Defendant's security protocols, which will be proven using generalized evidence applicable to the entire Class. *See In re Yahoo!*, 2020 WL 4212811 at *3 (certifying data breach Settlement class where common issues existed as to whether Yahoo! employed sufficient security measures to protect class members' personal information).

**Typicality.** The typicality requirement is also satisfied, as "the unnamed class members have injuries similar to those of the named Plaintiff and the injuries result from the same, injurious course of conduct." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). Here, Plaintiff's claims are typical of the Settlement Class as they are all clients who experienced incidents of unauthorized access to files maintained by Zalkin. While it is likely that Plaintiff and the Class may allege varying degrees of injuries, each harm will be based on the same data breach and underlying conduct. The claims arise from the same nucleus of facts relating to Zalkin's security protocols, pertain to a common defendant and are based on the same legal theories. Rule 23(a)(3) is satisfied.

**Adequacy.** Plaintiff is an adequate representative of the Settlement Class, as she has actively participated in the litigation and continues to do so. Cole Decl. ¶ 22. She does not have conflicts with other Class members as her claims are co-extensive with those of the class, *Kent v. Hewlett-Packard Co.*, 2011 WL 4403717, *1 (N.D. Cal. Sept. 20, 2011), and she has retained experienced counsel to represent the Class's interests. *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003). Class Counsel have decades of experience representing plaintiffs in complex class actions,

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1   including other cases involving data privacy and cybersecurity. Cole Decl. ¶¶ 25-29.

2   They also vigorously pursued Plaintiff's claims, engaging in extensive Settlement

3   negotiations.

4            2.       *The Class Meets the Requirements of Rule 23(b)(3)*

5   **Predominance.** The predominance requirement is satisfied when class

6   members' claims can be proven using common, class-wide evidence rather than

7   evidence that varies from class member to class member. *Tyson Foods, Inc. v.*

8   *Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016).

9   Because Plaintiff's claims are focused on the nature of Zalkin's security

10  policies and protocols, they are well-suited for class treatment. Zalkin's liability can

11  be established largely, if not entirely, through class-wide evidence. There would be

12  little need for Class members to present individualized evidence until the damages

13  phase, and it is well established that the need for individualized findings as to the

14  amount of damages is not enough to defeat class certification. *Vaquero v. Ashley*

15  *Furniture Indus., Inc.,* 824 F.3d 1150, 1155 (9th Cir. 2016); *In re Yahoo!*, supra,

16  2020 WL 4212811 at *7 (court found common questions regarding the nature of

17  Yahoo's security measures predominated*); In re Anthem*, 327 F.R.D. at 312 (the

18  focus on a defendant's security measures in a data breach class action "is the precise

19  type of predominant question that makes class-wide adjudication worthwhile").

20  **Superiority.** Rule 23(b)(3) requires a class action be "superior to other

21  available methods for the fair and efficient adjudication of the controversy," and sets

22  forth the following factors:

23       "The matters pertinent to the findings include: (a) the class members'
24       interest in individually controlling the prosecution or defense of
         separate actions; (b) the extent and nature of any litigation concerning
25       the controversy already begun by or against class members; (c) the
         desirability or undesirability of concentrating the litigation of the
26       claims in the particular forum; and (d) the likely difficulties in
         managing a class action."

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1 | Fed. R. Civ. P. 23(b)(3).

2 | In the context of these factors, the instant matter is superior as a class action
3 | as there is low interest in prosecuting a multitude of claims in a variety of forums
4 | and otherwise doing so in this matter would be overly laborious to the individual
5 | Class members and the Courts. However, given that this case is in settlement context,
6 | the Court need not consider manageability issues because "the proposal is that there
7 | be no trial;" as such, manageability considerations are no obstacle to certification for
8 | purposes of Settlement. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620
9 | (1997).

10 | Here, a class action is the only reasonable method to fairly and efficiently
11 | adjudicate Class members' claims against Defendant. See, e.g., *Phillips Co. v.*
12 | *Shutts,* 472 U.S. 797, 809 (1985) ("Class actions…permit the Plaintiff to pool claims
13 | which would be uneconomical to litigate individually… [In such a case,] most of the
14 | Plaintiffs would have no realistic day in court if a class action were not available.").
15 | Resolution of the predominant issues of fact and law via individual actions is
16 | impracticable because the amount in dispute for individual Class members is too
17 | small, the technical issues involved are too complex, and the required expert
18 | testimony and document review is too costly. *See Just Film, Inc. v. Buono*, 847 F.3d
19 | 1108, 1123 (9th Cir. 2017).

20 | The class device is the superior method of adjudicating consumer claims
21 | against Defendant arising from unauthorized access to client information because it
22 | promotes greater efficiency, and no realistic alternative exists. Courts have routinely
23 | recognized this in other data breach cases where class-wide settlements have been
24 | approved. *See, e.g.*, *In re Yahoo!, supra*, 2020 WL 4212811 at *8; *In re Equifax*,
25 | 2020 WL 256132 at *45.

26 | ### 3. *The Settlement Class Definition*

27 | The Settlement Class definition is essentially identical to the class definition
28 | in the Complaint, which included "All individuals whose PHI/PII was exposed to

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1    unauthorized third parties as a result of the data breach discovered by Defendant on

2    or about April 6, 2023." Dkt. 1.

3            **C.**      **The Proposed Notice and Notice Program**

4                 *1.*     *The Notice Plan*

5       The federal rules require that, before final approval of a settlement, "[t]he

6    court must direct notice in a reasonable manner to all class members who would be

7    bound by the proposal." Fed. R. Civ. P. Rule 23(e)(1)(B). Where certified under

8    Rule 23(b)(3), the notice must also be "best notice practicable under the

9    circumstances, including individual notice to all members who can be identified

10   through reasonable effort." Fed. R. Civ. P. Rule 23(c)(2)(B).

11      The Notice plan meets these requirements. It provides for direct electronic or

12   mailed Notice to the 523 Class members, all of whom can be identified from records.

13   S.A. § VI(B)(2). This Notice is reasonably calculated to reach all Class members

14   and apprise them of the Settlement.

15                 *2.*    *The Proposed Notice Adequately Informs Class Members of Their Rights and Options*

16      In accordance with Rule 23(c)(2)(B), the Notice (Cole Decl. **Ex. D**) sets forth

17   in clear, concise and easily understood language all requisite information, including,

18   *inter alia*, the nature of the action, the class definition, claims, issues, or defenses,

19   the binding effect of a class judgment and all available rights under the Settlement.

20           **D.**      **Settlement Class Counsel Should be Appointed**

21      Under Rule 23, "a court that certifies a class must appoint class counsel [who

22   must] fairly and adequately represent the interests of the class." Fed. R. Civ. P. Rule

23   23(g)(1)(B). In making this determination, courts consider the following attributes:

24   the proposed class counsel's (1) work in identifying or investigating potential claims,

25   (2) experience in handling class actions or other complex litigation, and the types of

26   claims asserted in the case, (3) knowledge of the applicable law, and (4) resources

27   committed to representing the class. Fed. R. Civ. P. Rule 23(g)(1)(A)(i-iv).

28

1  Here, CVN has extensive experience prosecuting complex consumer class

2  action cases, and specifically data privacy cases. Cole Decl. ¶¶ 21-27. CVN meets

3  all Rule 23(g)(1)(A) factors. Accordingly, the Court should appoint Scott Cole of

4  Cole & Van Note as Class Counsel.

5        **E.**    **Schedule**

6

7

| Event | Date |
|---|---|
| Settlement Administrator sends Notice to the Settlement Class (the "Notice Date") | Within 20 days after Entry of Preliminary Approval Order |
| Last day for Settlement Class members to opt out, object or make claims to the proposed Settlement | 45 days after Class Notice Date |
| Final Approval Hearing | TBD |

15  **V.**    **CONCLUSION**

16      For these reasons, Plaintiff respectfully requests the Court grant preliminary

17  approval.

18

19

20  Dated:  February 15, 2024       **COLE & VAN NOTE**

21

22            By:  */s/Scott Edward Cole*
              Scott Edward Cole, Esq.
              Attorneys for Representative Plaintiff

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## CERTIFICATE OF SERVICE

I hereby certify that, on February 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served today on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF and on counsel in the related cases to their respective emails per the below service list.

*/s/ Scott Edward Cole*
Scott Edward Cole, Esq.